**UNITED STATES of America,
Petitioner,**

v.

**ANDERSON, CLAYTON &
COMPANY, Respondent.**

**No. CV F–86–577 EDP.**

United States District Court,
E.D. California.

Jan. 9, 1987.

Richard A. Hertling, Trial Atty., Civ. Div., Federal Programs Branch, Dept. of Justice, Washington, D.C. (Martin A. Seigel, Office of Gen. Counsel, Dept. of Health and Human Services, Atlanta, Ga., of counsel), for U.S.

Robert D. Peterson, Sunset Whitney, Cal., for respondent.

## MEMORANDUM DECISION

PRICE, District Judge.

This is a proceeding by the appropriate agency of the United States to enforce a subpoena issued by the National Institute of Occupational Safety and Health (hereafter NIOSH), an agency of the Department of Health and Human Services. The subpoena demands production of all personnel and medical records of all past and current employees of the respondent Anderson, Clayton & Company (hereafter Anderson) at the Chowchilla plant.

Anderson contends that NIOSH has no authority to issue the subpoena as its authority has been preempted by the enactment and approval of the California Occupational Safety and Health Act (hereafter Cal-OSHA). Approval by the Secretary of the California plan, Anderson argues, divests the Secretary and all of the subordinate agencies acting under him, of jurisdiction over the investigation of employment related health hazards. 29 U.S.C. § 667 provides for such a procedure.

29 U.S.C. § 667(c) sets forth the conditions for the approval of the State plan. The California Plan was approved in accordance with these provisions. 29 U.S.C. § 669, however, authorizes the Secretary of Health, Education and Welfare to conduct research, experiments and demonstrations to develop plans, establish criteria, promulgate regulations, authorize programs and publish results of such investigations, and to conduct industry wide studies. Finally, it authorizes the delegation of the functions of the Secretary of Health, Education and Welfare to the National Institute for Occupational Safety and Health (NIOSH), the agency seeking relief here.

The Court can find no judicial decision discussing the relationship of the two (2) sections and none is apparent on the face of the statutes. A plain reading of the sections, however, clearly demonstrates that the two are not related. Section 667 relates to the on-going enforcement of op-

erative rules involving the conduct of occupational safety; section 669, on the other hand, relates to investigation and research, which the Secretary might engage in to advance knowledge of occupational hazards.

It is clear to the Court that Congress intended to exercise the full authority vested in it under the interstate commerce laws in the passage of this act. Clearly, it was the intent of Congress to grant to the Secretary the widest possible powers to engage in research and study of industrial problems.

For all of the foregoing reasons, it is the judgment of the Court that Congress did not intend to limit this activity by the Secretary even though the State may have promulgated an appropriate program; and it is the order of the Court that the subpoenas be responded to.